**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| CHRISTOPHER CHRISTIE, *et al.*, § | |
| § | |
| Plaintiffs. § | |
| § | |
| V. § | CIVIL ACTION NO. 4:22-cv-01517 |
| § | |
| CAPITAL ONE AUTO FINANCE, § | |
| § | |
| Defendant. § | |

## **MEMORANDUM AND RECOMMENDATION**

Defendant Capital One Auto Finance, A Division of Capital One, N.A. ("Capital One") has filed a Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss"). Dkt. 14. After reviewing the briefing, the record, and the applicable law, I recommend the Motion to Dismiss be **GRANTED**.

## **BACKGROUND**

Plaintiffs Christopher Christie ("Christie") and Lee Taylor, representing themselves, filed this lawsuit in federal court. The live pleading is the Amended Complaint. *See* Dkt. 13. In that document, Plaintiffs allege that on June 18, 2019, Christie purchased a Nissan Frontier financed by Capital One "with the clear understanding that [Christie] was to be able to accumulate tools [and] equipment[] for the non-profit" organization that Christie founded. *Id.* at 5.

According to the Amended Complaint, Christie's Nissan Frontier was repossessed on February 29, 2020. At that time, all of Christie's tools and equipment were allegedly in the vehicle. Plaintiffs insist that Capital One violated some unspecified Texas "state law[] by not notifying [Christie] in writing, as to when, where and how to retrieve [his] personal property"; and an unspecified "Executive Order by the POTUS [("President of the United States")] to not evict or

repoe [sic] for (90) day[s]." *Id.* Plaintiffs claim the value of the personal property left in the vehicle at the time it was repossessed amounts to approximately $4,200.[1]

Capital One has moved to dismiss the Amended Complaint for three independent reasons. First, Capital One contends that Plaintiffs have failed to establish that this Court has subject matter jurisdiction over the claims alleged in the Amended Complaint. Second, Capital One maintains that Christie lacks standing under Article III of the United States Constitution to bring the claims raised in the Amended Complaint. Third, Capital One argues that the Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. I only need to address Capital One's first argument regarding subject matter jurisdiction.

## LEGAL STANDARD

Subject matter jurisdiction refers to the court's power to hear a case. *See Union Pac. R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009). It is well-established law that federal district courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because Plaintiffs chose to file this lawsuit in federal court, it is their burden to establish that this Court has subject matter jurisdiction to hear this case. *See id.* Because Plaintiffs are representing themselves in this matter, I will hold their pleadings and filings to a less stringent standard than those drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, if Plaintiffs are unable to demonstrate that federal subject matter jurisdiction exists, this lawsuit

---

[1] The Amended Complaint contains conflicting estimates on the value of the personal property left in the vehicle, referring to the value as $3,200 in one place and over $3,800 in another. *See* Dkt. 12 at 5–6. Plaintiffs provided an itemized list of the items left in the vehicle at the time of repossession, with estimated values identified. Using the values placed on the items by Plaintiffs, those items add up to $4,225. *See id.* at 6. Plaintiffs also allege they lost $5,800 of trade-in value.

2

must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also* FED. R. CIV. P. 12(b)(1) (allowing a party to seek dismissal of a complaint for lack of subject-matter jurisdiction).

There are two main types of federal subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. Under federal question jurisdiction, federal district courts can hear and decide "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction allows federal district courts to entertain cases between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). The diversity statute requires "complete diversity" of citizenship, meaning "a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).

I will now consider whether federal question jurisdiction or diversity jurisdiction exists for this Court to hear this case.

## ANALYSIS

### A. FEDERAL QUESTION JURISDICTION

Federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006); *see also Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) ("Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint."). In plain English: this Court has federal question jurisdiction only if at least one of Plaintiffs' claims arises under a federal law.

Plaintiffs expressly acknowledge that they are seeking relief based, at least in part, on an unspecified Texas "state law." Dkt. 13 at 5. State law claims generally

3

do not implicate a federal statute, treaty, or provision of the United States Constitution. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983). Plaintiffs do allege that Capital One violated an unspecified "Executive Order by the POTUS to not evict or repoe [sic] for (90) day[s]." Dkt. 13 at 5. I have searched high and low and cannot find any executive order providing that no evictions or repossessions happen for a 90-day period. Even if there was such an order, "[t]here is no private right of action to enforce obligations imposed on executive branch officials by executive orders." *Facchiano Constr. Co. v. U.S. Dep't of Lab.*, 987 F.2d 206, 210 (3d Cir. 1993). "An executive order is privately enforceable only if it is issued pursuant to a statutory mandate or delegation of congressional authority." *Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1338 (4th Cir. 1995); *see also Indep. Meat Packers Ass'n v. Butz*, 526 F.2d 228, 236 (8th Cir. 1975) ("Even if [an executive order] has the force and effect of law, [a plaintiff] would still have to demonstrate that it was intended to create a private cause of action."). Accordingly, even giving every benefit of the doubt to Plaintiffs, their mere reference to an executive order in the Amended Complaint does not give rise to federal question jurisdiction.

Maybe Plaintiffs intended to refer to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which went into effect in March 2020 and contained a 120-day eviction moratorium. *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 4024, 134 Stat. 492–494 (2020). In September 2020, the Centers for Disease Control and Prevention ("CDC") extended the eviction moratorium to expire on December 31, 2020. *See* Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55292, 55297 (Sept. 4, 2020). Congress then extended the moratorium for another month until the end of January 2021. *See* Consolidated Appropriations Act, 2021, Pub. L. 116-260, § 502, 134 Stat. 2078–2079 (2021). The CDC extended "its moratorium through March, then again through June, and ultimately through July." *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 141 S. Ct. 2485,

4

2486–87 (2021) (quoting 86 Fed. Reg. 8020, 16731, 34010). Even if I assume Plaintiffs meant to assert a claim under the CARES Act, such allegations do not give rise to federal question jurisdiction.

Importantly, the CARES Act and the related CDC extension could not have impacted Plaintiffs because those legislative and administrative actions all occurred *after* Plaintiffs' February 2020 repossession. Moreover, the CARES Act does not contain any bar on automobile repossessions. And, the CARES Act does not provide a private cause of action. *See, e.g., Reaves v. Powers*, No. 4:21-cv-3188, 2022 WL 659318, at *5 (D.S.C. Jan. 14, 2022) ("Plaintiff's claim for violations of the CARES Act fails because there is no private cause of action to enforce these [eviction] provisions."); *Profiles, Inc. v. Bank of Am. Corp.*, 453 F. Supp. 3d 742, 748 (D. Md. 2020) (noting that "the CARES Act does not expressly provide a private right of action" and declining to read an implied private right of action into the statute). Accordingly, Plaintiffs' action does not arise under the Constitution, laws, or treaties of the United States. Thus, federal question jurisdiction is lacking.

## B. DIVERSITY JURISDICTION

The Amended Complaint lacks any specific allegations as to diversity jurisdiction. I will assume, however, that the parties are diverse. The next step in the diversity analysis is to determine whether the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). As a result, when the initial pleading demands a specific amount, that sum "is itself dispositive of jurisdiction if the claim is apparently made in good faith." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (quoting *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984)); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (holding that "the sum claimed by the plaintiff controls"). As explained, Plaintiffs' Amended Complaint expressly states that, at most, $10,025 is at stake: $5,800 for lost trade-in value and $4,225 for personal property. This comes nowhere close to satisfying the

5

$75,000 jurisdictional prerequisite. Therefore, diversity jurisdiction does not exist.

This case should be dismissed without prejudice because I do not have subject matter jurisdiction over this controversy. In other words, I do not have the power or authority to hear this case. To be clear, I am not holding that Plaintiffs' claims lack merit. I am simply noting that Plaintiffs cannot bring their claims in federal court. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) ("A court's dismissal of a case resulting from a lack of subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. Accordingly, such a dismissal should be made without prejudice." (quotation omitted)).

## CONCLUSION

For the reasons set forth above, I recommend the Motion to Dismiss (Dkt. 16) be **GRANTED**, and this case be dismissed without prejudice for lack of subject matter jurisdiction.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 29th day of January 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE